■ MERRITT ASSOCIATES, INC., Appellant, v. POMER HOMES, INC., Respondent, et al., Defendants.— In an action to recover a real estate brokerage commission, plaintiff appeals from an order of the County Court, Westchester County, dated May 29, 1962, which conditionally granted its motion to strike out the answer of the corporate defendant, Pomer Homes, Inc., and to award judgment in plaintiff's favor, as demanded in the complaint; the condition being that if such corporate defendant, by a named officer, shall submit to examination on the date fixed in the order, the motion is denied. The motion was based on said defendant's failure to appear for examination before trial pursuant to notice and to repeated written demands by letter. Order modified in the exercise of discretion by striking out its decretal paragraph, and by substituting therefor a paragraph granting unconditionally the plaintiff's said motion. As so modified, order affirmed, with $10 costs and disbursements to plaintiff  In our

opinion, there can be no doubt that the default of this defendant was willful. It submitted no affidavit in opposition to the motion; and the record discloses neither reason nor excuse why the plaintiff's notice of examination and the many letters it wrote to said defendant's attorney (from 1958 to 1962) were ignored. Under the circumstances here, we hold that the defaulting party is not entitled to another chance to comply with a notice requiring it to appear for examination before trial (cf. *Petersdorf* v. *O'Hagan*, 286 App. Div. 1100; *Rechner* v. *Brand*, 17 A D 2d 833). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.